CAROLINE, The (BICKFORD v.). See Case No. 1,385.

CAROLINE, The (LEVY v.). See Case No. 8,301.

CAROLINE, The (VIRDEN v.). See Case No. 16,956.

## Case No. 2,420.

### The CAROLINE & CORNELIA.

[2 Ben. 105.][1]

District Court, S. D. New York. Jan., 1868.

ADMIRALTY PRACTICE—SECURITY FOR COSTS.

Where seamen served a few days on board a vessel in the port of New York, but did not sign shipping articles, and were paid for the time they served and were discharged, and left the vessel without objection, but libelled the vessel to recover damages for the breaking up of a voyage for which, as they alleged, they had been hired, and process was issued in their favor against the vessel without their giving security for costs, and the claimants applied for an order that they file security for costs: *Held*, that their claim was not a claim for wages, within the meaning of rule 45 of this court, and that, therefore, they must file security for costs.

[See note at end of case.]

In admiralty. This was a motion on behalf of the claimants of the schooner Caroline and Cornelia, that the libellants file security for costs, the process in their favor having issued against the vessel without their having filed such security, on the theory that they were seamen suing an American vessel for their wages. [Motion granted.]

A. Nash, for libellants.
Beebe, Dean & Donohue, for claimants.

BLATCHFORD, District Judge. By rule 44 of this court, no process in rem can be issued unless a stipulation for costs in $250 is first given by the libellant. But, by rule 45,

"seamen suing in rem for wages in their own right, and for their own benefit, for services on board American vessels," are not required to give such security in the first instance, although the court may, for adequate cause, on motion, with notice to the libellant, after the arrest of the property, order the usual stipulation to be given in such case, or that the property arrested be discharged.

In the present case the libellants are seamen, and sue in rem an American vessel, but the suit is not one for wages, within the meaning of rule 45. It is a suit for compensation for special damages for the breaking up of a voyage before it began, and for an alleged breach of contract to employ them on a voyage. They never signed shipping articles. They served a few days in the port of New York, on board of the vessel, and were paid in full their wages for those days, and were then discharged, without objection on their part. They did not leave port in the vessel, or enter on any voyage on board of her. The distinction between wages and a claim for compensation for special damages, under circumstances like those in the present case, is well settled (2 Pars. Mar. Law, 573); and rule 45 confines the exception in favor of seamen to those suing in rem for wages for "services on board" an American vessel. Here the seamen were paid in full for all services on board of the vessel, and they sue now for an alleged breach of contract, because they were not allowed to render further services on board. The motion that the libellants enter into the usual stipulation under rule 44, is granted.

[NOTE. Seamen are privileged suitors in admiralty, and should not be required to give security for costs. Wicks v. Ellis, Case No. 17,614. Nonage of a seaman will not change the rule, nor will security be required of his guardian or next friend. Id. The reason for the privilege, however, is not because they are a favored class, but because they are usually unable, for various reasons, to furnish security. Polydore v. Prince, Id. 11,257; The Arctic, Id. 509a. But the security may be required if the ability to give it is proved. Wheatley v. Hotchkiss, Id. 17,483. Where the seaman has been paid off by a United States shipping commissioner, there is a presumption that his just demands have been discharged, and, if he files a libel thereafter, security may be required. The Niveto, Id. 10,279. If a seaman libels the vessel to enforce an agreement extraneous the contract for wages, his position is that of an ordinary suitor, to whom the rule as to security will apply. The Great Britain, Id. 5,736.]